Kevin L. Hernandez, Esq.
Nevada Bar No. 12594
**HERNANDEZ & MASSI**
8920 W. Tropicana Avenue, Suite 101
Las Vegas, Nevada 89147
T: (702) 563-4450
F: (702) 552-0408
kevin@hernandezandmassi.com
***Attorney for Plaintiff***

Hernandez & Massi
8920 W. Tropicana Avenue, Suite 101
Las Vegas, Nevada 89147
TEL: (702) 563-4450 FAX: (702) 552-0408

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| ANTONIO AMARO as Personal Representative of the ESTATE OF RONALD JAMES RIOPELLE,<br>Plaintiff,<br>v.<br>WELLS FARGO BANK, N.A.,<br>Defendant. | Case No.: 2:26-cv-01670<br>**COMPLAINT**<br>**JURY DEMAND** |

Plaintiff, Antonio Amaro, as Personal Representative of the Estate of Ronald James Riopelle ("Plaintiff"), by and through the undersigned counsel, and for the claims for relief against Defendant, Wells Fargo Bank, N.A. ("WFB"), complains and alleges as follows:

**JURISDICTION AND VENUE**

1. This is an action arising out of WFB's violations of the Electronic Fund Transfer Act, 15 U.S.C. § 1693, *et seq.* ("EFTA"), and related common law claims.

2. This court has supplemental jurisdiction over the common law claims under 28 U.S.C. § 1367 because each claim is so related to the action as to form part of the same case or controversy under Article III of the United States Constitution. Specifically, each claim involves the same account, transactions, and series of events.

3. This court has jurisdiction over this matter under 15 U.S.C. § 1693m(g) and 28 U.S.C. § 1331.

4. Under 28 U.S.C. § 1391(b), venue in this District is proper because Plaintiff and WFB reside and/or do business in the District of Nevada.

5. Under 28 U.S.C. § 1391(b), venue is also proper in this District because the acts and transactions that give rise to this action occurred, in substantial part, in the District of Nevada.

**PARTIES**

6. Mr. Riopelle was a natural person who resided in Clark County, Nevada, and was a "person" under Regulation E in 12 C.F.R. § 1005.2(j).

7. Mr. Riopelle was a "consumer" under 15 U.S.C. § 1693a(6).

8. Mr. Riopelle passed away on November 7, 2025, at the age of 84.

9. Antonio Amaro ("Mr. Amaro") is the named Executor of the Last Will and Testament of Mr. Ronald James Riopelle, and he was duly appointed under the court order entered on March 23, 2026, and confirmed by Letters Testamentary filed on March 24, 2026. Copies of the Letters Testamentary are attached as **Exhibit 1**.

10. WFB is a national banking association doing business in the State of Nevada.

11. WFB is a "financial institution" under 15 U.S.C. § 1693a(9) since it directly and indirectly holds accounts belonging to consumers.

12. WFB is a "person" under Regulation E in 12 C.F.R. § 1005.2(j).

**FACTS**

13. Plaintiff reincorporates by reference all preceding paragraphs as if fully set forth below.

14. Mr. Riopelle maintained a personal deposit account with WFB ending in 22118 and a savings account ending in 75410 that constitute "accounts" under 15 U.S.C. § 1693a(2) and 12 C.F.R. § 1005.2(b)(1) (the "Accounts") that are primarily for personal, family, or household purposes.

15. Mr. Riopelle was an individual consumer who maintained a banking relationship with WFB during the relevant period of time.

16. Plaintiff Ronald James Riopelle (now deceased) was elderly, legally blind, and residing in a medical facility due to serious medical conditions.

Hernandez & Massi
8920 W. Tropicana Avenue, Suite 101
Las Vegas, Nevada 89147
TEL: (702) 563-4450 FAX: (702) 552-0408

17. On or about September 2025, Mr. Riopelle's family discovered numerous unauthorized electronic transactions involving Riopelle's Accounts.

18. Between approximately September 16, 2024, and January 22, 2025, unauthorized debit card purchases, PayPal transfers, Apple Cash transfers, ATM withdrawals, and other electronic fund transfers were made from the Accounts without Mr. Riopelle's knowledge or authorization.

19. Mr. Amaro, acting under a valid Power of Attorney for Riopelle, reported the fraudulent activity to the Las Vegas Metropolitan Police Department on October 14, 2025, under Report # LLV2510000052950 (the "Police Report").

20. The unauthorized transactions totaled approximately $39,600 and were described in detail in the Police Report (the "Fraudulent Charges").

21. The Fraudulent Charges were unusual and atypical for Mr. Riopelle's longstanding banking history with WFB.

22. The Fraudulent Charges included repeated ATM withdrawals and purchases occurring throughout Las Vegas, Nevada, including at Albertsons, Walgreens, CVS, Smith's Food & Drug, and other retail and ATM locations.

23. Given Mr. Riopelle's extenuating circumstances, including his advanced age, declining health, and blindness, he was unaware of Fraudulent Charges.

24. The extenuating circumstances related to Plaintiff's recognizing and disputing the Fraudulent Charges were exacerbated by Mr. Riopelle's death in November 2025 and the subsequent need to seek relief with the Probate Court.

25. The police investigation identified evidence that individuals with access to Riopelle's residence, debit cards, cellular telephone, and personal identifying information used that access to conduct unauthorized transactions and open financial accounts in Riopelle's name.

26. In October and November 2025, Mr. Amaro notified WFB of the unauthorized transactions and disputed the transfers, providing WFB with the Police Report and advising WFB that Mr. Riopelle was elderly, legally blind, medically vulnerable, and physically incapable of conducting many of the disputed transactions.

Hernandez & Massi
8920 W. Tropicana Avenue, Suite 101
Las Vegas, Nevada 89147
TEL: (702) 563-4450 FAX: (702) 552-0408

Hernandez & Massi
8920 W. Tropicana Avenue, Suite 101
Las Vegas, Nevada 89147
TEL: (702) 563-4450 FAX: (702) 552-0408

27. Despite receiving notice of the fraud and disputed transfers, WFB failed to conduct a reasonable investigation into the Fraudulent Charges.

28. Despite numerous written and verbal disputes and overwhelming evidence of identity theft, including the Police Report, WFB continues to deny Plaintiff's disputes.

29. WFB failed and refused to return the unauthorized transfers, withdrawals and Fraudulent Charges to Plaintiff.

30. WFB's investigation(s) of this matter, if any, was/were unreasonable.

31. WFB knew or should have known that the disputed activity was inconsistent with Riopelle's physical condition, age, and ordinary banking activity.

32. WFB should have discovered, from its own records, Plaintiff's multiple disputes, including the evidence presented that the Fraudulent Charges were not authorized by Plaintiff.

33. WFB either has no policies or procedures for investigating identity theft or failed to follow its own policies or procedures.

34. The Fraudulent Charges are unauthorized electronic fund transfers and errors under 15 U.S.C. § 1693a(12), 12 C.F.R. § 1005.2(m), and 12 C.F.R. § 1005.11(a)(1) since they are transfers from Plaintiff's Account initiated by another person without actual authority to initiate such transfer and from which Plaintiff received no benefit.

35. The Fraudulent Charges are an "error" under 12 C.F.R. § 1005.11(a)(1), since they constitute incorrect electronic fund transfers from the Account.

36. WFB knowingly and willfully concluded that the Account was not in error when such a conclusion could not reasonably have been drawn from the evidence available to WFB at the time of its investigation.

37. Since Plaintiff's efforts to correct WFB's error regarding the Fraudulent Charges have been unsuccessful, Plaintiff was required to bring this action to finally resolve Plaintiff's dispute.

38. As a direct and proximate result of WFB's violations, Plaintiff suffered actual damages, and concrete harm by losing the use of the unreturned funds, which WFB should have refunded.

39. As a direct and proximate result of WFB's violations, Plaintiff suffered further actual damages, and concrete harm through lost time spent disputing the Fraudulent Charges with WFB.

40. As a direct and proximate result of WFB's violations, Plaintiff and the Estate suffered financial damages, loss of use of funds, emotional distress, inconvenience, and related damages as a direct and proximate result of Wells Fargo's conduct.

**FIRST CLAIM FOR RELIEF**

**[Violations of the Electronic Fund Transfer Act, 15 U.S.C. § 1693]**

41. Plaintiff reincorporates by reference all preceding paragraphs as if fully set forth below.

42. WFB's acts and omissions as set forth in this Complaint violate EFTA.

43. The EFTA "provide[s] a basic framework establishing the rights, liabilities, and responsibilities of participants in electronic funds transfer systems." 15 U.S.C. § 1693(b).

44. The foregoing acts and omissions constitute multiple violations of EFTA, including without limitation, §§ 1693f, 1693g, and 12 C.F.R. § 1005.11, *et seq.*

45. As a result of WFB's violations, Plaintiff is entitled to actual damages under 15 U.S.C. § 1693m(a)(1); statutory damages under 15 U.S.C. § 1693m(a)(2)(A); treble damages under 15 U.S.C. § 1693f(e), and reasonable attorneys' fees and costs under 15 U.S.C. § 1693m(a)(3).

**SECOND CLAIM FOR RELIEF**

**[Breach of Contract]**

46. Plaintiff reincorporates by reference all preceding paragraphs as if fully set forth below.

47. Plaintiff and WFB entered into a valid and existing contract for the Account as set forth above.

48. Plaintiff performed all obligations under the contract or was excused.

49. WFB breached the contract by failing to investigate Plaintiff's disputes, failing to timely respond to Plaintiff's disputes, and failing to reimburse Plaintiff for the Fraudulent Charges.

Hernandez & Massi
8920 W. Tropicana Avenue, Suite 101
Las Vegas, Nevada 89147
TEL: (702) 563-4450 FAX: (702) 552-0408

50. As a result of WFB's breach, Plaintiff sustained damages as described above, which will be proven at trial.

51. As a result of WFB's breach of contract, Plaintiff is entitled to entry of judgment as stated herein.

**THIRD CLAIM FOR RELIEF**

**[Breach of Covenant of Good Faith and Fair Dealing]**

52. Plaintiff reincorporates by reference all preceding paragraphs as if fully set forth below.

53. Plaintiff entered into a valid and enforceable contract with WFB.

54. Every contract in Nevada includes an implied covenant of good faith and fair dealing, under which each party must act in a manner that is faithful to the purpose of the contract and the justified expectations of the other party.

55. Plaintiff performed all terms, covenants, and conditions of the contract.

56. WFB breached the implied covenant by failing and/or refusing to take all reasonable and necessary actions to investigate and return the Fraudulent Charges.

57. WFB breached the implied covenant of good faith and fair dealing by failing and/or refusing to take all reasonable actions, and necessary to investigate Plaintiff's disputes.

58. WFB failed to act in a manner faithful to the purpose of the contract and the justified expectations of Plaintiff.

59. As a result of WFB's breach of the implied covenant of good faith and fair dealing, Plaintiff suffered damages as described above.

60. As a result of WFB's breach of the implied covenant of good faith and fair dealing, Plaintiff has been forced to retain the services of legal counsel and is entitled to recover such fees, costs, and expenses from WFB.

**FOURTH CLAIM FOR RELIEF**

**[Conversion]**

61. Plaintiff reincorporates by reference all preceding paragraphs as if fully set forth below.

Hernandez & Massi
8920 W. Tropicana Avenue, Suite 101
Las Vegas, Nevada 89147
TEL: (702) 563-4450 FAX: (702) 552-0408

Hernandez & Massi
8920 W. Tropicana Avenue, Suite 101
Las Vegas, Nevada 89147
TEL: (702) 563-4450 FAX: (702) 552-0408

62. WFB, through its officers, managers, supervisors, agents, and/or employees, intentionally exerted wrongful dominion over Plaintiff's personal funds in the Account.

63. Plaintiff held a possessory interest in all the personal funds in the Account held by WFB.

64. Plaintiff's interest in the personal funds in the Account was greater than any interest held by WFB.

65. WFB deprived Plaintiff of property interest in the Account funds by allowing the funds to be taken without Plaintiff's authorization and thereafter refusing to return them.

66. WFB did not return or offer to return all of Plaintiff's personal property that it took without right, consent, or permission, despite lawful demands by Plaintiff to WFB.

67. WFB's interference with Plaintiff's property rights in the illegally taken funds was a substantial property right for which he suffered serious damage and actual harm, as described above.

68. WFB exerted wrongful dominion and control over or seriously interfered with Plaintiff's interest in the personal funds taken from the Account, and such conduct deprived Plaintiff of his interest in those funds.

69. The foregoing acts and omissions of WFB and its employees and agents constitute a civil conversion of Plaintiff's personal property.

70. As a direct and proximate result of WFB's multiple conversions, Plaintiff is entitled to damages in an amount based upon the value of the property converted, plus interest from the time of WFB's conversion.

**FIFTH CLAIM FOR RELIEF**

**[Declaratory Relief]**

71. Plaintiff reincorporates by reference all preceding paragraphs as if fully set forth below.

72. An actual controversy has arisen and now exists between Plaintiff and WFB concerning their respective rights and duties in that Plaintiff contends that WFB breached its contract with Plaintiff and violated federal law with respect to failing to return the Fraudulent

Hernandez & Massi
8920 W. Tropicana Avenue, Suite 101
Las Vegas, Nevada 89147
TEL: (702) 563-4450 FAX: (702) 552-0408

Charges; and, whereas WFB apparently disputes this contention and by its conduct contends that it had no duties to Plaintiff and that Plaintiff is not entitled to a return of the Fraudulent Charges.

73. Plaintiff desires a judicial determination that the Fraudulent Charges were not authorized or approved by Plaintiff and should be returned.

74. A judicial declaration is necessary and appropriate at this time under the circumstances so that Plaintiff may ascertain Plaintiff's rights and duties because Plaintiff's personal affairs are seriously impaired by WFB's contentions that he is not entitled to a return of these funds, and Plaintiff is otherwise suffering a financial burden by this unsettled state of affairs with WFB.

75. Declaratory relief is therefore appropriate to bring peace to the parties and prevent WFB from causing further unwarranted and unjust damage to Plaintiff.

## PRAYER FOR RELIEF

76. **WHEREFORE,** Plaintiff respectfully requests that the Court grant Plaintiff relief from WFB as follows:

- An award of actual damages under 15 U.S.C. § 1693m(a)(1) for Plaintiff;
- An award of actual damages under common law;
- For an award of treble damages under 15 U.S.C. § 1693f(e) for Plaintiff;
- An award of statutory damages of no less than $100 nor greater than $1,000 under 15 U.S.C. § 1693m(a)(2)(A) for Plaintiff;
- For an order requiring Defendant to credit Plaintiff with the disputed amount and any related finance charge or other charges;
- For an award reimbursing Plaintiff for reasonable attorney's fees, costs, and interest incurred;
- For declaratory relief; and
- For such other further relief as the court deems proper.

///

///

///

Hernandez & Massi
8920 W. Tropicana Avenue, Suite 101
Las Vegas, Nevada 89147
TEL: (702) 563-4450 FAX: (702) 552-0408

**TRIAL BY JURY DEMANDED ON ALL COUNTS.**

77. Plaintiff is entitled to and demands a trial by jury on all counts.

Dated: June 2, 2026

**HERNANDEZ & MASSI**

*/s/ Kevin L. Hernandez*
Kevin L. Hernandez, Esq.
Nevada Bar No. 12594
kevin@hernandezandmassi.com
***Attorney for Plaintiff***

# EXHIBIT 1

EXHIBIT 1

Electronically Issued
3/23/2026 5:36 PM

Electronically Filed
3/24/2026 9:13 AM
Steven D. Grierson
CLERK OF THE COURT

**LETP**
ROBERT A. MASSI, ESQ.
Nevada Bar No.: 2397
ROBERT G. MASSI, ESQ.
Nevada Bar No.: 13719
**MASSI & MASSI, ATTORNEYS AT LAW**
2510 Wigwam Parkway, Suite 206
Henderson, Nevada 89074
(702) 870-1100 (telephone)
(702) 870-0196 (facsimile)
olga@massiandmassi.com
Attorneys for Petitioner

DISTRICT COURT
CLARK COUNTY, PROBATE DIVISION NEVADA

| | |
|---|---|
| In the Matter of the Estate of RONALD JAMES RIOPELLE,<br><br>Deceased. | Case No. P-25-127661-E<br><br>Dept: 26<br><br>**LETTERS TESTAMENTARY** |

The Last Will and Testament of RONALD JAMES RIOPELLE , deceased, having been duly admitted to probate in the Eighth Judicial District Court,

On the March 16, 2026, the Court entered an order admitting the decedent's will to probate and appointing ANTONIO AMARO as Personal Representative of the decedent's estate. The order includes:

[**XX**] a directive for no bond;

[ ] a directive for the establishment of a blocked account for sums in excess of $ ;

[ ] a directive for the posting of a bond in the sum of $ ______________; or

[ ] a directive for both the establishment of a blocked account for sums in excess of $ ____________ and the posting of a bond in the sum of $ _________________.

/ / /

/ / /



Case Number: P-25-127661-E

The Personal Representative, after being duly qualified, may act and has the authority and duties of Personal Representative.

In testimony of which, I have officially signed these letters and affixed hereto the Seal of the Court, this ____ day of ________________, 2025.

STEVEN D. GRIERSON
CLERK OF THE COURT

By: [signature] 3/24/2026
Crystal Nantz
Deputy Clerk (Date)

**OFFICIAL OATH**

I, ANTONIO AMARO, whose mailing address is, 3919 Amondwood Drive, Las Vegas, Nevada 89120, do solemnly affirm that I will faithfully perform according to law all the duties of the office of Personal Representative and that all matters stated in any petition or paper filed with the Court by me are true of my own knowledge or, in any matters are stated on information and belief, I believe them to be true.

I declare under penalty of perjury under the law of the State of Nevada that the foregoing is true and correct.

[signature]
ANTONIO AMARO,
Personal Representative

Subscribed and sworn to
Before me this 23 day of March, 2025

OLGA S. FLORES
Notary Public, State of Nevada
Appointment No. 98-8274-1
My Appt. Expires Oct. 24, 2028

[signature]
NOTARY PUBLIC.

Respectfully submitted by:

[signature]
ROBERT G. MASSI, ESQ.
Nevada Bar No. 13719
MASSI & MASSI, ATTORNEYS AT LAW
2510 Wigwam Parkway, Suite #206
Henderson, Nevada 89074
*Attorney for Petitioner*

Electronically Filed
3/23/2026 5:15 PM
Steven D. Grierson
CLERK OF THE COURT

**NESO**
ROBERT A. MASSI, ESQ.
Nevada Bar No.: 2397
ROBERT G. MASSI, ESQ.
Nevada Bar No.: 13719
**MASSI & MASSI, ATTORNEYS AT LAW**
2510 Wigwam Parkway, Suite 206
Henderson, Nevada 89074
(702) 870-1100 (telephone)
(702) 870-0196 (facsimile)
olga@massiandmassi.com
Attorneys for Petitioner

DISTRICT COURT
CLARK COUNTY, PROBATE DIVISION NEVADA

In the Matter of the Estate of
RONALD JAMES RIOPELLE,

Deceased.

**Case No: P-25-127661-E**
**Dept 26**

**Date of Hearing: 2/18/2026**
**Time of Hearing: 9:45 A.M.**

**NOTICE AND ENTRY OF ORDER ON THE COMMISSIONER'S RECOMMENDATIONS PURSUANT TO EDCR 4.05 (d)**

**PLEASE TAKE NOTICE** that an ORDER ON THE COMMISSIONER'S RECOMMENDATIONS pursuant to EDCR 4.05 (d) was entered in the above- entitled matter on March 16, 2026. A copy of said PROBATE COMMISSIONER'S REPORT AND RECOMMENDATIONS (ORDER) is attached hereto.

DATED this 16th day of March, 2026.

MASSI AND MASSI ATTORNEYS AT LAW

By: /s/Robert G. Massi
ROBERT G. MASSI, ESQ.
Nevada Bar No. 13719
2510 Wigwam Parkway, Suite 206
Henderson, Nevada 89074
*Attorneys for Plaintiffs*

## CERTIFICATE OF AUTOMATED SERVICE

I hereby certify that I am an employee of MASSI AND MASSI ATTORNEYS AT LAW, and that on the ~~20th~~ 23rd day of March, 2026, I served a true and correct copy of the foregoing ***NOTICE OF ENTRY OF ORDER ON THE COMMISSIONER'S RECOMMENDATIONS pursuant to EDCR 4.05 (d)***, via the Court's electronic e-file system, to all recipients registered for e-service on the above entitled case.

/s/ Olga Flores
Olga Flores, an employee of
MASSI AND MASSI ATTORNEYS AT LAW

ELECTRONICALLY SERVED
3/16/2026 5:00 PM

Electronically Filed
03/16/2026 4:59 PM
CLERK OF THE COURT

ROBERT G. MASSI, ESQ.
Nevada Bar No.: 13719
**MASSI & MASSI, ATTORNEYS AT LAW**
2510 Wigwam Parkway, Suite 206
Henderson, Nevada 89074
(702) 870-1100 (telephone)
(702) 870-0196 (facsimile)
olga@massiandmassi.com
Attorney for Petitioner

DISTRICT COURT
CLARK COUNTY, PROBATE DIVISION NEVADA

| | |
|---|---|
| In the Matter of the Estate of RONALD JAMES RIOPELLE,<br><br>Deceased. | **Case No: P-25-127661-E**<br>**Dept ~~26~~ PC-2 (5)**<br><br>**Date of Hearing: 2/18/2026**<br>**Time of Hearing: 9:45 A.M.** |

## PROBATE COMMISSIONER'S REPORT AND RECOMMENDATIONS

The Petition of ANTONIO AMARO for Probate of Will, Appointment of Personal Representative and Issuance of Letters Testamentary having come on for hearing before Probate Commissioner RUSSEL GEIST on the above date and time; the Probate Commissioner having reviewed and considered the Petition and all other pleadings and papers on file with this Court; and having heard and considered the arguments made by counsel at the time of the hearing, if any, hereby submits the following REPORT AND RECOMMENDATIONS:

## FINDING OF FACT AND CONCLUSION OF LAW

The Probate Commissioner makes the following FINDINGS OF FACT and COCLUSION OF LAW:

1. Decedent Ronald James Riopelle died on November 7, 2025, in Las Vegas, Clark County Nevada.

2. Decedent Ronald James Reiopelle left a validly executed Last Will and Testament, naming his close friend Antonio Amaro as Executor of his Estate.

3. The estate consists of real and personal property with a value that does not exceed FIVE HUNDRED THOUSAND DOLLARS ($500,000.00).

4. Decedent's Original Last Will and Testament was properly lodged with the Court on November 21, 2025.

5. Petitioner filed her petition to Probate of Will, Appointment of Personal Representative and Issuance of Letters Testamentary and was ultimately set for hearing on February 18, 2026.

6. The Notice of Hearing for Petitioner's Probate of Will, Appointment of Personal Representative and Issuance of Letters Testamentary was properly served and published.

That Petitioner, ANTONIO AMARO, is a close friend of the deceased and the named Executor of the decedent's Last Will and Testament and is therefore competent and capable of executing the Will, and acting as personal representative thereof, and hereby consents to act as personal representative thereof, and that Petitioner has never been convicted of a felony.

RECOMMENDATIONS

**NOW THEREFORE, IT IS HEREBY RECOMMENDED that an Order be entered as follows:**

7. That ANTONIO AMARO is hereby appointed Personal Representative of the of the Estate and that Letters Testamentary be issued to him upon taking the oath required by law.

8. That any funds discovered for purposes of the administration of the Estate be placed in an Estate account until the time of the final distribution by Court Order

9. Bond is hereby waived.

10. Summary Administration is hereby ordered.

IT IS SO RECOMMENDED.

/s/ Russel J. Geist 3/16/2026
PROBATE COMMISSIONER

**ORDER**

All interested parties having consent to immediate entry of an Order on the Commissioner's Recommendations pursuant to EDCR 4.05 (d)

**Dated this 16th day of March, 2026**

IT IS SO ORDERED.

VBarisich

**623 363 D46E BB49**
**Veronica M. Barisich**
**District Court Judge**

By signing below the parties' consent to the Immediate entry of an Order on the foregoing Report and Recommendations per EDCR 4.05(d)

Submitted by:

**MASSI & MASSI, ATTORNEYS AT LAW**

By: Robert G. Massi
ROBERT G. MASSI, ESQ.
Nevada Bar #13719
510 Wigwam Parkway Suite 206
Henderson, Nevada 89074
Attorney for Petitioner

**CSERV**

DISTRICT COURT
CLARK COUNTY, NEVADA

| In the Matter of: Ronald Riopelle, Deceased | CASE NO: P-25-127661-E DEPT. NO. Department 5 |
| --- | --- |

## AUTOMATED CERTIFICATE OF SERVICE

This automated certificate of service was generated by the Eighth Judicial District Court. The foregoing Order Appointing Administrator(trix) was served via the court's electronic eFile system to all recipients registered for e-Service on the above entitled case as listed below:

Service Date: 3/16/2026

| | |
| --- | --- |
| Robert~ Massi | robert@massiandmassi.com |
| Olga Flores | olga@massiandmassi.com |
| Chelsea Duran | reception@massiandmassi.com |